IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID DaVINCI; MICHAEL DaVINCI; SHANA MARALDO; and DAVID FINN,

    Plaintiffs,

v.

STATE OF MISSOURI; STATE OF OREGON; DAVID COSGROVE; MARY S. HOSMER; SANDRA BURRIS; ROBIN CARNAHAN; JAY NIXON; MATTHEW D. KITZI; in their capacity as STATE OF MISSOURI agents, and in their private capacity; and ROB BRUNNER; MICHAEL PEAD; HARDY MYERS; TED KULONGOSKI in their capacity as STATE OF OREGON agents, and in their private capacity,

    Defendants.

CV No. 06-068-AS

FINDINGS AND RECOMMENDATION

ASHMANSKAS, Magistrate Judge:

    Currently before the court is State of Oregon defendants' Motion to Dismiss plaintiffs' Complaint (docket No. 17). For the reasons that follow, defendants' motion should be GRANTED on the grounds that this court lacks subject matter jurisdiction; and that plaintiffs failed to state a

1 - FINDINGS AND RECOMMENDATION

claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(1) and (6).

## **BACKGROUND**

The Complaint against State of Oregon, Rob Brunner, Michael Pead, Hardy Myers, and Ted Kulongoski (State of Oregon defendants) arises out of an investigation of possible securities fraud by the Oregon Department of Consumer and Business Services (DCBS). In the course of the investigation, DCBS issued two subpoenas *duces tecum* against the plaintiffs. Plaintiffs did not respond to the subpoenas as required by O.R.S. § 59.315(2), nor did plaintiffs contest either of the subpoenas through the administrative process. Plaintiffs instead issued a writ of *quo warrento* upon DCBS. When defendants did not respond to this extraordinary writ, plaintiffs filed this lawsuit.

The Complaint alleges that the defendants denied legal protections to plaintiffs that they were required to supply under their "charters, pledges, obligations, and other undertakings." (Complaint ¶ 2) Further, they allege that after plaintiffs requested (via the writ *quo warrento*, Plaintiffs' Exhibit) that defendants disclose their authority for issuing the DCBS subpoenas, defendants failed to respond. Plaintiffs maintain that based on lack of response to their request, the defendants violated plaintiffs' civil rights in violation of 42 U.S.C. §§ 1983 and 1985. They additionally maintain that the defendants have violated Article I, § 10, and the Fourth, Fifth, Sixth, Ninth, and Fourteenth amendments of the United States Constitution. They filed this lawsuit in federal court seeking $40 million in damages and an injunction against DCBS continuing any process of any nature against plaintiffs.

In response, State of Oregon defendants filed this Motion to Dismiss pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that this court lacks subject matter jurisdiction, and that plaintiffs failed to state a claim upon which relief can be

granted.

## LEGAL STANDARDS

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a defendant may move for dismissal on the grounds that the court lacks jurisdiction over the subject matter. Noting that civil rights are the subject matter in this case, we look to the statutes. 42 U.S.C. § 1983 provides a cause of action against "every person who . . . causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and Laws." 42 U.S.C. § 1983. 42 U.S.C. § 1985 applies to "two or more persons" in various types of conspiracy to deprive individuals of their rights and protections under the law. However, the Eleventh Amendment of the Constitution prohibits suits for monetary damages against a state or state agency in federal court. Seminole Tribe v. Florida, 517 U.S. 44, 64-68 (1996). This immunity may be overcome only if the state expressly waives its immunity, or if Congress validly abrogates the immunity. Id  Eleventh Amendment state sovereign immunity covers the state, its agencies, and officials acting in their official capacities. Will v. Dept. of State Police, 491 U.S. 58, 71 (1989).

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move for dismissal on the grounds that the plaintiff has failed to state a claim upon which relief can be granted. The complaint must be concise and particular, alleging facts to support the claims made. The complaint is construed in the light most favorable to the plaintiffs.

## DISCUSSION

### I.  Subject Matter Jurisdiction

In support of their arguments that plaintiffs lack subject matter jurisdiction, defendants argue that the Eleventh Amendment to the United States Constitution bars plaintiffs' suit against the State

3 - FINDINGS AND RECOMMENDATION

of Oregon under 42 U.S.C. § 1983. The Eleventh Amendment prohibits suits for monetary damages against a state or state agency in federal court. Seminole Tribe, 517 U.S. at 64-68. This immunity prevents a suit against a state in state or federal law by private parties in federal court unless Congress has validly abrogated the state's immunity, or unless the state has expressly waived it. Id. For the purposes of the Eleventh Amendment, "state" includes the state itself, its agencies, and state officials acting in their official capacities. Will v. Dept. of State Police, 491 U.S. 58, 71 (1989).

The Supreme Court has expressly found that Congress did not abrogate states' Eleventh Amendment immunity when it enacted 42 U.S.C. § 1983. Will, 491 U.S. at 69-70. Because Congress intended § 1983 to apply to "persons" and states are not "persons," that statute does not operate to abrogate a state's immunity under the Eleventh Amendment. This immunity extends to state agencies, and state officials acting in their official capacity. Id at 71. Thus, the plaintiffs' § 1983 suit against the State of Oregon defendants should not be allowed unless the State of Oregon expressly waived its immunity. Seminole Tribe, 517 U.S. at 64-68.

A state may waive its sovereign immunity by expressly consenting to be sued, either via statute or by consenting to a particular action. The Courts have repeatedly held that consent must be express, rather than implied. Edelman v. Jordan, 415 U.S. 651, 673 (1974), Will, 491 U.S. at 63. Here, the State of Oregon does not expressly consent to the suit, and there is no Oregon statute which would waive its immunity. Thus, the State of Oregon, its agencies named in the complaint, and individuals acting in their official capacity for the State of Oregon, are protected by Eleventh Amendment immunity. Accordingly, plaintiffs lack subject matter jurisdiction over the State of Oregon defendants for the § 1983 claim.

Plaintiffs' suit names the individuals as defendants in both their official capacity and "in their

private capacity." See Plaintiffs' Complaint, Caption. State government officials acting in their private capacities have been found subject to federal suits for monetary damages. Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). However, as the defendants point out, the plaintiffs here have not alleged any actions by the State defendants outside the realm of what are clearly their official duties, *i.e.* serving subpoenas. Merely naming the defendants in their private capacity is insufficient to overcome the application of Will to these defendants. Thus, sovereign immunity applies, and the court lacks subject matter jurisdiction.

In addition to bringing a cause of action under 42 U.S.C. § 1983, the suit also includes claims for relief under 42 U.S.C. § 1985. However, as discussed above, the states and state actors are not "persons" subject to suit under these statutes. § 1985 provides a remedy for a conspiracy between "two or more persons" to deprive a person of their civil rights. As with the analysis regarding § 1983, plaintiffs invalidly brought claims under § 1985 against the State of Oregon, and state agencies, who are not "persons" described in this statute. See Will, 491 U.S. at 64. State of Oregon defendants are correct that the court lacks subject matter jurisdiction over this claim.

    A. Abstention

Because this court has resolved the issue of subject matter jurisdiction by means of Eleventh Amendment state sovereignty for the § 1983 and § 1985 claims, we need not reach the State of Oregon defendants' argument that Younger abstention applies here.

## II.    Failure to State a Claim Upon Which Relief Can Be Granted

Even if this court does have subject matter jurisdiction over this case, the Motion to Dismiss must be granted because of the plaintiffs' failure to state a claim upon which relief can be granted.

In support of their Motion that the plaintiffs failed to state a claim upon which relief can be

granted, pursuant to Fed. R. Civ. P. 12(b)(6), State of Oregon defendants make three arguments. First, they argue that the Complaint fails to state a claim with particularity against the individual defendants. Second, defendants maintain that plaintiffs have not met the pleading requirements required for a claim under 42 U.S.C. § 1983. Finally, defendants argue that plaintiffs have misunderstood the nature of a 42 U.S.C. § 1985 claim and, thus, that nothing in their complaint is relevant to such a claim. The court infers from the Complaint that the §§ 1983 and 1985 claims are based on alleged violations of Article I, Section 10, and the Fourth, Fifth, Sixth, Ninth, and Fourteenth Amendments of the U.S. Constitution. The court agrees with the defendants that plaintiffs have failed to allege any facts or a legal theory that would support these claims.

      A. <u>No Particular Claims Against Individual Defendants for Purposes of 42 U.S.C. § 1983</u>

      In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that "(1) the defendant was acting under color of state law at the time the acts complained of were committed, and that (2) the defendant deprived plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." 42 U.S.C. § 1983; <u>Briley v. California</u>, 564 F. 2d 849, 853 (9th Cir. 1977). Additionally, individually named public officials "are immune from liability for section 1983 damages 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" <u>Settlegoode v. Portland Public Schools</u>, 371 F.3d 503, 513 (9th Cir. 2004); citing <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982).

      Applying those standards, and looking carefully at the Complaint, the court agrees with defendants that plaintiffs fail to allege particular facts or a legal theory to state a claim. No facts are alleged that any of the individually named State of Oregon defendants (who may qualify as persons

in their individual, not official, capacity, see *supra*) violated any civil rights protected by the Constitution or federal statute. Plaintiffs write that their rights have been violated in violation of Article I, Section 10 of the Constitution, as well as the Fourth, Fifth, Sixth, Ninth, and Fourteenth Amendments. However, other than mentioning these parts of the Constitution, plaintiffs fail to adequately explain how their rights have been violated. In examining Article I, Section 10 and the Complaint, this court could not find any relevance to a § 1983 claim.

Regarding the Fourth Amendment, it has been long recognized that legislatively enabled administrative agencies may issue subpoenas without violating the Fourth Amendment. Any Fourth Amendment analysis of an administratively issued subpoena is limited to "indefiniteness or breadth in the things required to be 'particularly described'" and that "the materials specified are relevant." Oklahoma Press Pub. Co. v. Walling, 327 U.S. 186, 208 ( 1946.) DCBS was authorized by the Oregon legislature to investigate potential securities fraud, including the authority to issue subpoenas. O.R.S. § 59.315(1). Therefore, the Fourth Amendment only applies as to the breadth and relevance of the subpoena at issue. However, because DCBS was authorized by law to issue the subpoenas, and the plaintiffs failed to state a claim as to the wide breadth and lack of relevance of the subpoena, and further failed to tie this Fourth Amendment issue to their § 1983 claim, the court finds the State of Oregon defendants' argument persuasive that the plaintiffs have failed to make a claim on which relief may be granted.

In examining the Complaint and attached *quo warrento* it appears that the plaintiffs feel that responding to the subpoena is the equivalent of testifying against themselves, which is a privilege granted by the Fifth Amendment. Because it was a valid subpoena that the plaintiffs neither responded to, nor appeared at the time and place named in the subpoena, the court is unable to find

7 - FINDINGS AND RECOMMENDATION

a § 1983 claim for which relief can be granted based on the Fifth Amendment.

As pointed out by the defendants, the Sixth Amendment provides for the rights of the accused in criminal prosecution. Because no criminal prosecution had been initiated against plaintiffs, the Sixth Amendment does not apply.

The Ninth Amendment does not provide substantive rights on which a § 1983 claim for relief can be made, and the court, like the defendants, is unable to ascertain why the plaintiffs rely on this provision. Similarly, plaintiffs cite the Fourteenth Amendment as a basis of their suit, but it, in itself, does not create any causes of action under § 1983. Further, if plaintiffs cited the Fourteenth Amendment in order to protest violation of due process rights, they did not plead any facts which would create a valid claim.

Plaintiffs have failed to state any alleged violations that would support a claim under 42 U.S.C. § 1983. Therefore, the defendants' motion to dismiss should be granted with regard to this claim.

B. No Particular Claims Against Individual Defendants for Purposes of 42 U.S.C. § 1985

The plaintiffs claim that they have a cause of action under 42 U.S.C. § 1985, and also cite Article I, Section 10, of the Constitution, possibly as an underlying part of this cause of action. Article I, Section 10, addresses limits on states in making treaties, creating currency, granting titles of nobility, imposing import or export taxes, keeping a military, or creating a compact with another state or foreign power. Examining the Complaint, it appears that the plaintiffs may be trying to argue that the State of Oregon conspired with the State of Missouri by issuing a subpoena *deuces tecum* in Oregon and serving it in Missouri, and that this conspiracy was a prohibited compact as described by Article 1, Section 10. The Complaint also may be attempting to say that this agreement was a

8 - FINDINGS AND RECOMMENDATION

conspiracy in violation of 42 U.S.C. § 1985.

If so, the plaintiffs misunderstand the intention of Article 1, Section 10. The clause prohibiting treaties and compacts between states has been held to limit states from exercising powers held by the federal government, such as becoming involved in international affairs, by making treaties, or from creating an agreements to form a government between themselves, such as the Confederacy did in the Civil War. (Judge Ashmanskas: There aren't many cases on this, especially current ones. I've attached an article from Findlaw.com, and an article from Wikipedia.)

Further, this court can find no other facts nor causes of action beyond Article 1, Section 10, of the Constitution supporting a 42 U.S.C. § 1985 action against the state actors. The State of Oregon defendants are correct that the only subsection of 42 U.S.C. § 1985 that could possibly be relevant is Subsection (3) of § 1985. Subsection (3) reads that the plaintiff must allege a) a conspiracy; b) to deprive a person or class of persons of equal protection of the laws; c) that the conspirators took an act in furtherance of the conspiracy; and d) that the plaintiff was injured in his property or deprived of exercising a right or privilege of a citizen of the United States. 42 U.S.C. § 1983(3); Canlis v. San Juaquin Sheriff's Posse Comitatus, 641 F.2d 711, 719 (9th Cir. 1981). The purpose of § 1985 is to remedy conspiracies by government officials that have "some racial, or perhaps class based, invidiously discriminatory animus behind the conspirators' action." Id. quoting Griffin v. Breckinridge, 403 U.S. 88, 101-2 (1971). The Ninth Circuit has interpreted this to mean that the "plaintiff must be a member of a class that requires special federal assistance in protecting its civil rights." McCalden v. California Library Ass'n., 955 F.2d 1214, 1223 (9th Cir. 1990), citing Gerritsen v. de la Madrid Hurtado, 819 F.2d 1511, 1519 (9th Cir. 1987). Because plaintiffs do not even allege that they were "conspired against" due to their membership in such a protected class,

9 - FINDINGS AND RECOMMENDATION

they may not seek relief under 42 U.S.C. § 1985, and their complaint should accordingly be dismissed.

## **RECOMMENDATION**

For these reasons, defendants' Motion to Dismiss Plaintiffs' Complaint should be GRANTED on the ground that this court does not have subject matter jurisdiction over this case, and that plaintiffs failed to state a claim upon which relief can be granted.

## **SCHEDULING ORDER**

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due May 8, 2006. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, a response to the objections is due within 14 days, and the review of the Findings and Recommendation will go under advisement on that date or when the response is filed, whichever occurs first.

DATED this 21st day of April, 2006.


                                           /s/Donald C. Ashmanskas
                                            DONALD C. ASHMANSKAS
                                            United States Magistrate Judge